1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                         CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| DAVID RIVAS CEJA,          Plaintiff,        v.  UNKNOWN,          Defendant. | Case No. 8:22-01005 FWS (ADS)  ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS |

I.     **BACKGROUND**

Plaintiff David R. Ceja, a state prisoner proceeding pro se, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 on May 10, 2022.  (Dkt. No. 1.) The Clerk of Court notified Plaintiff that he had neither paid the filing fee nor filed a Request to Proceed in Forma Pauperis ("IFP Request").  (Dkt. No. 2.)  On July 5, 2022, after nearly two months had passed since Plaintiff filed the Complaint, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute because of his failure to pay the filing fee or file an IFP Request ("Order to

Show Cause"). (Dkt. No. 4.) Plaintiff was given the option to pay the filing fee or file an IFP Request. (Id.) The Court warned Plaintiff that failure to comply with the Order to Show Cause may result in his case being dismissed. (Id.) Despite these warnings, Plaintiff has not filed a response to the Order to Show Cause, paid the filing fee, or filed an IFP Request. Plaintiff has never communicated with the Court since he filed the Complaint.

## II. LEGAL STANDARD

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders. See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640 (9th Cir. 2002). Five factors are weighed in determining whether to dismiss an action for failure to comply with a court order or failure to prosecute: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Pagtalunan, 291 F.3d at 642.

## III. DISCUSSION

Having weighed the five factors, the Court finds the first, second, third, and fifth factors weigh in favor of dismissing this action. As to the first and second factors, Plaintiff's failure to engage with this case and file a response to the Court's Order to Show Cause, pay the filing fee, or file an IFP Request has interfered with the public's interest in the expeditious resolution of this litigation, as well with the Court's need to manage its docket. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("the

public's interest in expeditious resolution of litigation always favors dismissal"). As to the third factor, Plaintiff has failed to rebut the presumption that the defendant has been prejudiced by this unreasonable delay. Moneymaker v. Coben (In re Eisen), 31 F.3d 1447, 1452-53 (9th Cir. 1994) ("The law presumes injury from unreasonable delay.") (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976)). As to the fifth factor, there is no less drastic sanction available as Plaintiff has had at least two opportunities to pay the filing fee or file an IFP Request and with ample time to do so. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Finally, although the fourth factor always weighs against dismissal, Plaintiff's failure to discharge his responsibility to move the case towards a disposition outweighs the public policy favoring disposition on the merits. Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991) ("Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics."). Having weighed these factors, the Court finds that dismissal of this action without prejudice is warranted.

//
//
//

## IV. CONCLUSION

Accordingly, this action is dismissed without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). Judgment is to be entered accordingly.

IT IS SO ORDERED.

Dated: August 30, 2022

_____
THE HONORABLE FRED W. SLAUGHTER
United States District Judge

Presented by:

      /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge